IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERENCE KIMBERG,<br>Plaintiff<br>v.<br>UNIVERSITY OF SCRANTON, WYOMING VALLEY HEALTH CARE SYSTEM, INC. and CAROLINE RASKIEWICZ, individually and as Program Director for the University of Scranton,<br>Defendants | No. 3:06cv1209<br><br>(Judge Munley) |

## MEMORANDUM

Before the court for disposition are the defendants' motions for summary judgment. The motions have been fully briefed and are ripe for disposition.

**Background**

Defendant University of Scranton and Defendant Wyoming Valley Health Care System Inc. (hereinafter "Wyoming Valley") jointly offer a Nurse Anesthesia Program (hereinafter "NA Program"). (Pl. Statement of Material Fact 1).[1] Plaintiff Terence Kimberg enrolled in the NA Program in August 2004. The program required that plaintiff take courses at the University and perform clinical work at various local hospitals. (Id. at 2). For each day that he was on a clinical site, the program required that plaintiff complete a clinical evaluation. (Id. at 3). A certified registered nurse anesthetist, (hereinafter "CRNA") who supervised him on his days of clinical work, evaluated his performance as part of the clinical evaluation. (Id. at 4).

---

[1]In this brief background section, we will cite to the Defendant University of Scranton's statement of material facts for facts that are uncontested.

As discussed more fully below, plaintiff had some difficulties with the clinical portion of the NA Program and was placed on academic probation. Eventually, he was dismissed from the NA program and dismissed from the University.

Plaintiff then instituted the instant action. Originally, the complaint asserted four causes of action: 1) breach of contract; 2) breach of the covenant of good faith and fair dealing; 3) denial of due process; and 4) tortious interference with contract. Plaintiff also made claims for punitive damages. The defendants filed motions to dismiss. We granted the motions to the extent that counts 2, 3 and 4 and the punitive damages claim were dismissed. (Doc. 30, Memorandum and Order dated February 2, 2007). The sole remaining count, therefore, is the breach of contract count. At the conclusion of discovery, the defendants filed motions for summary judgment, bringing the case to its present posture.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiff is a citizen of the Republic of Cameroon, and the defendants are citizens of Pennsylvania. (Compl. ¶ 1 - 4). Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law.  See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion.  International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986).  A fact is material when it might affect the outcome of the suit under the governing law.  Id.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial.  Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial.  Id. at 324.

**Discussion**

Both Defendant University of Scranton and Wyoming Valley Healthcare have filed motions for summary judgment.  The issues that are

raised in each motion are identical in some instances and interrelated in others. We will thus discuss the two motions together.[2]

The gist of the motions for summary judgment is that plaintiff cannot establish a breach of contract in the instant case. This issue can be broken down into the following sub-issues: Was plaintiff properly dismissed from the clinical program? Was plaintiff properly dismissed from the University? and Was plaintiff wrongly denied counsel at his due process hearing? We will address these issues in *seriatim*.

**I. Dismissal from the clinical program**

The relationship between the University, a private college, and the plaintiff, a student at that college, is contractual in nature and governed by the written materials provided to the plaintiff throughout his enrollment. See Swartley v. Hoffner, 734 A.2d 915, 919 (Pa. Super. Ct. 1999) (explaining that "[t]he contract between a private institution and a student is comprised of the written guidelines, policies, and procedures as contained in the written materials distributed to the student over the course of their enrollment in the institution."). These materials include written guidelines and policies, e.g., the Wyoming Valley Health Care System/University of Scranton School of Nurse Anesthesia School Handbook, Class of August 2006. Id.

Defendants asserts that plaintiff was properly terminated from the NA

---

[2]Plaintiff initially argues that all averments in the complaint should be construed as admitted because neither defendant ever filed an answer to the complaint. After the plaintiff made this argument, the defendants moved for an extension of time to file an answer. (Doc. 70). We extended the time to answer and answers were duly filed on November 5, 2008. (Doc. 91, 92, 93). As answers have been filed pursuant to leave of court, we will deny plaintiff's argument.

4

Program pursuant to the terms of the Handbook.  After a careful review, we agree and judgment will be granted to the Defendants on this issue.

According to the student handbook, a student could be placed on probation or dismissed from the program if "an error of commission or omission jeopardizes the safety and/or welfare of the patient."  (Doc. 57-8, at 2, Student Handbook pg. 146).  The evidence provided by the defendants indicate the administrators of the program determined that plaintiff posed such a threat and that is the reason he was dismissed from the program.

Plaintiff was placed on probation on January 31, 2006 for clinical performance issues.  (Doc. 53-5, at 6, Platko Dep. at 11).   He was placed on probation because he constantly needed assistance; he did not appear to "get the whole anesthetic process and priorities"; and other CRNAs opined that he was not at the appropriate level and they "would not feel comfortable allowing him to administer anesthesia to their family members[.]" (Doc. 1-4, at 5,  Complaint, Ex. C).   Additionally, he was placed on probation for not adhering to core values such as integrity, teamwork, accountability, compassion and courtesy.  (Doc. 53-5, at 6, Platko Dep. at 13).

Generally, at the end of probation, if the administrators feel that they can still work with the student, the probation may be extended to help the student.  If not the student is provided with the opportunity to withdraw from the University or choose another nurse track at the University.  If such students do not withdraw, they are terminated from the NA school.[3]   (Id. at

---

[3]Specifically the Student Handbook provides:  "[E]valuations will be reviewed with the student by the Clinical Mentor of each student.  At this

20).

The administrators of the NA Program found that plaintiff did not adequately proceed through the probationary period.  A letter to plaintiff dated March 24, 2006 from Defendant Raskiewicz provides as follows:

> Under the terms of our agreement, you were given the choice to withdraw from the Program or be terminated because of your failure to progress during your probationary period.  You were to come to the School of Nurse Anesthesia on Friday, March 24, 2006, at 9:00 a.m. with your decision. Since you did not show, call or cancel the appointment, we have to stand by our agreement. Effective this date, March 24, 2006, you have been terminated from the Wyoming Health Care System/University of Scranton School of Nurse Anesthesia."

Doc. 66-2, Pl. Ex. 1.

Defendants have presented evidence that the reason for dismissal from the program was that plaintiff jeopardized the health or safety of patients. Patricia Harrington is the chairperson of the department of nursing at the University of Scranton.  (Harrington Dep. At 6, Doc. 53-3 at 5).   She indicated that the plaintiff was "insubordinate.  He gave medication that he was told not to give.  He was dangerous.  This is life and death."  Id. at 16, 53-3 at 15).

Jo Ann Platko is the Assistant Program Administrator of the NA Program.  (Doc. 53-5, at 6, Platko Dep. at 6).  She assists in running the day-to-day operations of the school, including teaching and clinical and evaluation of students in the operating room. (Id.).   In considering the

---

time, it will be determined through the use of clinical guidelines, if the student has attained the expected behavioral changes for that trimester. Should there be deficiencies in attaining those objectives, the clinical mentor will make a decision concerning his/her placement on probation and/or continuance in the school." (Doc. 57-8, at 1, Student Handbook pg. 145).

6

dismissal of plaintiff from the clinical portion of the program, she took into consideration that he may be compromising patient care. (Id. at 10). He was dismissed ultimately because he posed a threat to the patients. (Id.).

The administrator with the final say in plaintiff's dismissal from the program was Caroline Raskiewicz.  (Id. at 18).  Caroline Raskiewicz was the program administrator of the NA Program and plaintiff's ultimate supervisor.  She indicates that a series of events that occurred during plaintiff's time in the program led her to become concerned for the safety of the patients regarding plaintiff's performance.  (Doc. 53-4, at 24-28, Raskiewicz Dep. at 184-188).

Plaintiff argues that his contract with the defendants provides a policy of progressive disciplinary procedures, Policy No. 60.6,  that they were required to utilize before his dismissal.  He asserts that the defendants did not adhere to this progressive disciplinary procedure, and thus, they breached the contract.  We are unconvinced.  The student handbook provides that the school can place a student on probation or dismiss him for "an error of commission or omission [that] jeopardizes the safety and/or welfare of the patient."  (Handbook, pg. 30, Doc. 57-4, at 30).

The Handbook further provides that the rules of the NA Program supercede those of the Wyoming Valley Health Care System (such as Policy 60.6).  The NA Program Student Handbook is clear that a student can be dismissed for jeopardizing the safety and/or welfare of a patient, without any reference to Policy No. 60.6.  The evidence, as addressed above, reveals that plaintiff was dismissed because he jeopardized the safety and/or welfare of patients, which is a separate cause for dismissal

7

besides disciplinary problems.[4]

Plaintiff has presented no evidence that he was dismissed for any other reason than patient safety. It was not a matter of disciplining the plaintiff for his behavior as may be covered by Policy No. 60.6.[5] Thus, we find that plaintiff's dismissal from the program was appropriate and not a breach of contract as a matter of law, and judgment on this issue in favor of the defendants is appropriate.

## II. Dismissal from the School

The analysis above applies to plaintiff's dismissal from the NA Program, not the University of Scranton. (See, e.g., Doc. 53-5, Platko Dep, at 17 (indicating that dismissal from the clinical program is separate from dismissal from the University). Next, plaintiff asserts that his

---

[4] Moreover, the Student Handbook provides that the **student** must follow Policy No. 60.6, as relates to student status only. It does not state that Wyoming Valley must follow the policies of that section with regard to students, and the policy is clearly written in terms of employees not students. It is relevant to the students, however, in that it provides a list of behaviors that are inappropriate. (Handbook, at 35, Doc. 57-4, at 35). None of those behaviors is at issue in this case.

[5] Plaintiff attempts to create a question of fact by asserting that he was terminated from the program without explanation. (Doc. 59, Plaintiff's Affidavit, ¶ 8). Plaintiff, however, was provided with and signed a copy of the evaluation committee's recommendation with regard to his probation which listed the concerns about his performance including: he consistently needed assistance; he did not appear to "get the whole anesthetic process and priorities"; and other Certified Registered Nurse Anesthetics opined that he was not at the appropriate level and they "would not feel comfortable allowing him to administer anesthesia to their family members[.]" (Doc. 1-4, at 5, Complaint, Ex. C). Plaintiff was thus on notice that his performance was very much in question.

dismissal from the University was a breach of contract. After a careful review, we find no genuine issues of material fact and that judgment is appropriate for the defendants on this issue also.

When a student fails the clinical practicum, he cannot continue in the NA Program, but he is not automatically dismissed from the University. (Doc. 53-3 at 36, Harrington Dep. at 38). After his dismissal from the program, plaintiff finished his semester at the University in nursing research.[6] (Id.). He would have been allowed to pursue another major at the University, but he never pursued that option. (Id. at 35, 38). Thus, at the end of the semester, he was dismissed from the University. (Id.). Plaintiff has cited to no clause in the Student Handbook or any other document that formed part of his contract with the University that would provide him the right to continue in the school without transferring to another major. Accordingly, judgment is appropriate to the defendants on the claim involving his dismissal from the school.

### III. Attorney representation at the due process hearing

Plaintiff further avers in his complaint that the defendants agreed to provide him with certain due process rights. He asserts that these rights were violated because he did not receive a full and complete hearing with respect to the Due Process Review. (Doc. 1, Compl. ¶ 57). Plaintiff's brief more specifically indicates that the agreement to a full and fair due process review was breached because plaintiff was told that he could not be represented by counsel at the hearing. (Doc. 60, Plaintiff's brief in

---

[6]Plaintiff was dismissed from the program in March 2006 and finished his course work at the University in April or May 2006. (Doc. 57-2, Plaintiffs Dep., 19; Doc. 53-3, Harrington Dep. at 33, 37-38, 41).

9

opposition to Defendant University of Scranton's motion for summary judgment).

The parties agree that with regard to a private college, "students who are being disciplined are entitled only to those procedural safeguards which the school specifically provides." Psi Upsilon v. Univ. of Pa., 591 A.2d 755, 758 (Pa. Super. Ct. 1991). The disciplinary procedures must, however, be "fundamentally fair". Id. Plaintiff's position, evidently, is that to be fundamentally fair, the plaintiff should have been able to be represented by counsel at the due process hearing. We disagree.

The parties cite no cases, and our research has uncovered none, that directly address this issue with regard to a private school. With regard to a public school, however, the Pennsylvania Commonwealth Court has held that "fundamental fairness" is met even where the school does not provide a " 'full-dress judicial hearing,' subject to the rules of evidence or representation by counsel." Ruane v. Shippensburg Univ., 871 A.2d 859, 862 (Pa. Commw. Ct. 2005). If fundamental fairness is met in a public school without representation by counsel, then surely, it is met in a private school where there is not representation by counsel. Moreover, this case is a breach of contract action. Plaintiff has pointed to nothing in the contractual relationship that specifically provides that he will be allowed to bring counsel to the due process hearing. As such, he has not made out a breach of contract claim. Accordingly, judgment will be granted to the defendants on the plaintiff's due process claim.

**Conclusion**

For the reasons set forth above, the defendants' motions for summary judgment will be granted. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TERENCE KIMBERG,**<br>　　　　　**Plaintiff**<br>　　v.<br>**UNIVERSITY OF SCRANTON, WYOMING VALLEY HEALTH CARE SYSTEM, INC. and CAROLINE RASKIEWICZ, individually and as Program Director for the University of Scranton,**<br>　　　　　**Defendants** | **No. 3:06cv1209**<br><br>**(Judge Munley)** |

## ORDER

　　**AND NOW**, to wit, this 29th day of January 2009, the defendants' motions for summary judgment (Doc. 53 & 56) are hereby **GRANTED**.  The Clerk of Court is directed to enter judgment in favor of the defendants and against the plaintiff and to close this case.

　　　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　　**s/ James M. Munley
　　　　　　　　　　　　　　　JUDGE JAMES M. MUNLEY
　　　　　　　　　　　　　　　United States District Court**

11